IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISAAC DAWSON,

      Plaintiff,                     No. 2:12-cv-0963 JAM GGH P

     vs.

SACRAMENTO COUNTY JAIL,

      Defendants.        <u>ORDER</u>

_____/

      Plaintiff is a county jail inmate proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will

---

[1] Plaintiff's completed motion to proceed in forma pauperis was filed on May 14, 2012, pursuant to this court's order, filed on April 30, 2012.

direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

1 v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
2 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content
3 that allows the court to draw the reasonable inference that the defendant is liable for the
4 misconduct alleged." Id.

5       In reviewing a complaint under this standard, the court must accept as true the
6 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
7 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
8 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
9 1843 (1969).

10       Plaintiff seeks money (including punitive) damages for the purported actions of an
11 unnamed captain, lieutenant, sergeant and night watch deputies at Sacramento County Main Jail
12 and/or Rio Consumnes Correctional Center (RCCC). Complaint, pp. 1-3. Plaintiff alleges that
13 he has (or has had) court appointments or court dates for which he has not been appearing for his
14 sentencing to life in prison and that he is being held in jail for something he has not done and for
15 which there is no evidence in the form of fingerprints and D.N.A. Id., at 2. Plaintiff claims that
16 the crime victims have never identified him face-to-face for [the] robbery/shooting. Id. Plaintiff
17 alleges that the unnamed defendants have shown deliberate indifference to him. Id.

18       It is difficult to discern precisely what plaintiff seeks by this complaint. In the
19 first place, he has failed to identify by name the individual defendants, such that the court could
20 not order service of his complaint even if he had framed colorable claims, which he has not.
21 Although plaintiff only seeks money damages, it appears as though he is attempting to challenge
22 a criminal conviction by way of a civil rights complaint.

> Federal law opens two main avenues to relief on complaints related
> to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254,
> and a complaint under the Civil Rights Act of 1871, Rev. Stat.
> 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of
> any confinement or to particulars affecting its duration are the
> province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475,
> 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief

> turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

Plaintiff's challenges to the validity of a criminal conviction simply do not belong in a § 1983 civil rights action. If plaintiff has been awaiting sentencing for a criminal conviction, it is not at all clear how unnamed jail officers can be implicated for deliberate indifference simply because plaintiff is being held in jail; nor do plaintiff's court appearances or lack thereof on the face of it evidently relate to any actions on the part of jail staff.

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994).

This complaint must be dismissed, but plaintiff will be granted leave to amend to file an amended complaint wherein plaintiff sets forth claims that are related to the actual conditions of his confinement and wherein he provides the names of the individual jail officers who are allegedly subjecting him to unconstitutional conditions of confinement.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: July 9, 2012

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
daws0963.b