1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ISAAC DAWSON,

11              Plaintiff,                    No. 2:12-cv-963 JAM GGH P

12        vs.

13   SACRAMENTO COUNTY JAIL,

14              Defendants.               <u>ORDER</u>

15   _____/

16              This civil rights action was closed on October 10, 2012.  On November 2, 2012,

17   plaintiff filed a letter stating that he hoped the instant case was still open, and, if not, that the

18   court would re-open his case.  Docket # 15.  The court will liberally construe the letter as a

19   motion for relief from judgment under Fed. R. Civ. P. 60(b)(1).

20              Under Rule 60(b)(1), "[on] motion and just terms, the court may relieve a party or

21   its legal representative from a final judgment, order, or proceeding for ...  mistake, inadvertence,

22   surprise, or excusable neglect."

23              Excusable neglect "encompass[es] situations in which the failure to
             comply with a filing deadline is attributable to negligence,"
24           *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380,
             394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), and includes
25           "omissions caused by carelessness," *id*. at 388, 113 S.Ct. 1489.

26   <u>Lemoge v. United States</u>, 587 F.3d 1188, 1192 (9th Cir. 2009).

                                          1

> To determine whether a party's failure to meet a deadline
> constitutes "excusable neglect," courts must apply a four-factor
> equitable test, examining: (1) the danger of prejudice to the
> opposing party; (2) the length of the delay and its potential impact
> on the proceedings; (3) the reason for the delay; and (4) whether
> the movant acted in good faith. *Pioneer Inv. Servs. Co. v.
> Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489,
> 123 L.Ed.2d 74 (1993); *Briones v. Riviera Hotel & Casino*, 116
> F.3d 379, 381 (9th Cir.1997) (adopting this test for consideration
> of Rule 60(b) motions).  Through other decisions, including
> *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir.2000), and
> *Pincay v. Andrews*, 389 F.3d 853 (9th Cir.2004) (en banc), we have
> further clarified how courts should apply this test.

Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010).

Plaintiff filed the instant civil rights complaint while he was an inmate in Sacramento County Main Jail, on April 12, 2012.  Plaintiff failed to file a completed application to proceed in forma pauperis and was granted thirty days' leave to do so by order filed on April 30, 2012.  Plaintiff filed a completed application on May 14, 2012.  Plaintiff was granted in forma pauperis status and the complaint was dismissed with leave to amend in twenty-eight days, by an order filed on July 9, 2012, wherein the deficiencies of the complaint were set forth.

Thereafter, on July 20, 2012, the Sacramento County Sheriff's Department filed a notice, stating that plaintiff was no longer in jail custody and had been transferred on May 30, 2012.  However, the docket indicates that at no time has plaintiff filed a notice of change of address.  On July 24, 2012, plaintiff's mail from the court was returned as undeliverable.  On August 27, 2012, the magistrate judge recommended dismissal of the action without prejudice, plaintiff having failed to file an amended complaint and the time for doing so having expired, citing Local Rule 110; Fed. R. Civ. P. 41(b).  It was also stated therein:

> Although it appears from the file that plaintiff's copy of the order
> was returned, plaintiff was properly served. It is the plaintiff's
> responsibility to keep the court apprised of his current address at
> all times.  Pursuant to Local Rule 182(f), service of documents at
> the record address of the party is fully effective.

Docket # 12.

\\\\\

1    The findings and recommendations were returned to the court as undeliverable,

2  once again, on September 4, 2012.  On October 10, 2012, the undersigned adopted the findings

3  and recommendations in an order observing that the findings and recommendations had been

4  returned and again noting that, nevertheless, as set forth above, plaintiff had been properly served

5  pursuant to L.R. 182(f).  This action, therefore, was dismissed without prejudice and judgment

6  thereon entered.

7    In plaintiff's motion to re-open, he offers no substantive explanation for having

8  failed to provide the court with a notice of change of address since his transfer from county jail to

9  state prison custody, indeed, he does not even provide such notice with his present motion.

10  Plaintiff states that it is his hope that his case, his first lawsuit, is still open, and, if not, that it be

11  re-opened.  He makes a passing reference to having been told that because he was now in prison,

12  he would have to wait for his mail to be forwarded, and provides as the reason for his present

13  writing that he has not received court mail regarding this case for some five months.  He does not

14  even now appear to be aware that it is his responsibility to keep the court apprised of his current

15  address.  In other words, for the court to be make sure that he receives even this order has

16  required court clerk staff to seek his current whereabouts by way of the California Department of

17  Corrections and Rehabilitation (CDCR) website's inmate locator.

18    Given the posture of this case when it was closed, the court finds that, with regard

19  to the question of whether or not plaintiff is entitled to have his case re-opened on the basis of

20  excusable neglect, the first factor, danger of prejudice to the opposing party, and the second

21  factor, the length of the delay and its potential impact on the proceedings, weighs less heavily

22  than the third and fourth factors, the reason for the delay and whether plaintiff has acted in good

23  faith, respectively.  Plaintiff, on the basis of ill-defined advice he received from an uncertain

24  source regarding how he would be receiving mail once transferred from jail to prison, failed, for

25  a five-month period, to make any effort whatever to contact this court, and has still, to this point,

26  failed to provide the court with his present mailing address.  Plaintiff simply does not provide a

1    sufficient reason to explain the length of the delay, and he does not make an adequate showing of

2    good faith with respect to any effort at all that he made to assure, while his case was open, that

3    his case proceeded.  Moreover, his case was dismissed without prejudice, therefore, plaintiff is

4    not foreclosed from seeking to proceed in a new action.

5                    Accordingly, IT IS ORDERED that:

6                    1.  Plaintiff's request for his case to be re-opened, construed as a motion for relief

7    from judgment under Rule 60(b)(1), filed on November 2, 2012 (docket # 15), is denied; and

8                    2.  The Clerk of the Court is directed to serve a copy of this order on plaintiff as

9    follows:  Isaac Dawson #AL5674 / Deuel Vocational Institution / PO Box 600 /Tracy, CA

10   95378-0600.

11   DATED: November 29, 2012

12

13                                    /s/ John A. Mendez
                                      UNITED STATES DISTRICT COURT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26